UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DANNY LAYNE WRIGHT, JR.  ]
   Plaintiff,     ]
            ]
v.            ]    No. 3:05-0547
            ]    Judge Trauger/Brown
DEPUTY SWIATEK    ]
   Defendant.    ]

To: Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

On July 11, 2005, the Court entered an order (Docket Entry No. 3) referring this action to the Magistrate Judge "to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court."

Presently pending before the Court are defendant's Motion to Dismiss (Docket Entry No. 6), plaintiff's responses (Docket Entry Nos. 7 and 9) to the Motion to Dismiss and defendant's Reply (Docket Entry No. 8) to the plaintiff's responses. The undersigned has reviewed these pleadings and the record in this case and finds that the defendant's Motion to Dismiss lacks merit. Accordingly, the undersigned respectfully recommends, for the reasons stated below, that the defendant's Motion to Dismiss should be DENIED and that the defendant be required to file an answer to the complaint.

1

# I. BACKGROUND

The plaintiff, proceeding *pro se*, is an inmate at the Montgomery County Jail in Clarksville, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Melinda Swiatek, a Deputy with the Montgomery County Sheriff's Department, seeking injunctive relief and damages.

According to the complaint, the plaintiff claims that the defendant has placed his life in jeopardy. More specifically, the plaintiff alleges that

> On 3-22-05, Deputy Swiatek had been personaly [*sic*]
> going to inmates threw out the Jail and telling them
> that I'm a snitch from Michigan down here in Tennessee
> to testify against peoples' cases and I'm a informant. I
> had been confronted by many angry people who wanted
> to harm me because of this because in Jail or prison
> inmates who are thought to be informants for the authorities
> are killed, raped or assaulted without protection.

Docket Entry No. 1 at pg. 5.

The plaintiff asserts that during the grievance process the defendant admitted to telling other inmates that he was an informer. As part of his cause of action, the plaintiff accuses the defendant of slander, defamation, "serious negligence" and the "possibility of bodily harm".

# II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., is reviewed under the standard that dismissal is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his alleged claims which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 102 (1957). In reviewing a motion to dismiss, the allegations in the plaintiff's complaint are liberally construed and taken as true. Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976). More than bare assertions of legal conclusions, however, are required to

2

withstand a Rule 12(b)(6) motion, and the complaint must contain allegations of fact sufficient to support the asserted legal claims. *See* <u>Scheid v. Fanny Farmer Candy Shops, Inc.</u>, 859 F.2d 434, 436-437 (6th Cir. 1988).

## III. DISCUSSION OF THE ISSUES

To state a claim for relief under 42 U.S.C. § 1983, the plaintiff must plead and prove that the defendant, while acting under color of state law, deprived him of some right or privilege guaranteed by the Constitution or laws of the United States. <u>Parratt v. Taylor</u>, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981). The defendant was clearly acting under color of state law at the time that the plaintiff was allegedly aggrieved. Therefore, the plaintiff can establish a claim for relief under § 1983 if he can prove some type of federal statutory or constitutional deprivation.

**A.) Slander and Defamation**

The plaintiff alleges that the defendant's conduct rises to the level of slander and defamation of character. It is well settled, however, that mere words, no matter how threatening, offensive, or insulting, do not rise to the level of a constitutional violation. <u>McFadden v. Lucas</u>, 713 F.2d 143, 147 (5th Cir.1983); <u>Johnson v. Glick</u>, 481 F.2d 1028, 1033 n.7 (2nd Cir.1973). Therefore, slander and defamation are not actionable bases for relief under 42 U.S.C. § 1983.

**B.) Negligence**

The plaintiff also characterizes the defendant's conduct as negligent. A claim of negligence, however, does not rise to the level of a constitutional violation. <u>Estelle v. Gamble</u>, 429 U.S. 97, 104-105, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). This is true with respect to negligence claims arising under both the Eighth and Fourteenth Amendments. <u>Whitley v. Albers</u>, 475 U.S. 312, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986)(Eighth Amendment); <u>Daniels v.</u>

3

Williams, 474 U.S. 327, 106 S.Ct. 662, 666, 88 L.Ed.2d 662 (1986)(Fourteenth Amendment). Therefore, even though the defendant's conduct may have been negligent in some way, it would not offend the Constitution and be actionable in this proceeding.

**C.) The Possibility of Bodily Harm**

The plaintiff alleges that the defendant's conduct has subjected him to the possibility of bodily harm. In fact, he notes that he has "already been assaulted by an inmate for reason unknown." Docket Entry No. 1 at pg. 5.

Inmates have a right to personal safety grounded in the Eighth Amendment to the Constitution. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Thus, jail administrators are obliged "to take reasonable measures to guarantee the safety of the inmates" in their care. Hudson v. Palmer, 468 U.S. 517, 104 S,Ct. 3194, 3200, 82 L.Ed.2d 393 (1984). To establish a violation of this right, there must be a showing that the defendant was deliberately indifferent to the plaintiff's risk of injury. Walker v. Norris, 917 F.2d 1449, 1453 (6th Cir. 1990); McGhee v. Foltz, 852 F.2d 876, 800-801 (6th Cir. 1988). While a prisoner does not need to demonstrate that he has been the victim of an actual attack to bring a personal safety claim, he must establish that he reasonably fears such an attack. Thompson v. County of Medina, Ohio, 29 F.3d 238, 242 (6th Cir. 1994).

Liberally construing the allegations in the complaint, it is easy to see that the plaintiff has stated a colorable personal safety claim. The plaintiff has alleged, in essence, that the defendant has labeled him as a snitch with complete disregard for the effect that this would have on the plaintiff's safety. To support his claim, the plaintiff contends, and the defendant has apparently admitted, that she told other inmates that the plaintiff was a snitch. *See* Grievance Form filed as an Attachment to Docket Entry No. 1. The plaintiff alleges that he has been threatened by several

4

angry inmates who now believe him to be an informant and that he has been assaulted by another prisoner for some unknown reason. In similar cases, actionable personal safety claims have been found where a prison guard has labeled a prisoner as a snitch. <u>Northington v. Jackson</u>, 973 F.2d 1518, 1525 (10th Cir. 1992)(Rule 12(b)(6) dismissal of a "snitch" claim was reversed); *see also* <u>Hobbs v. Evans</u>, 924 F.2d 774 (8th Cir. 1991).


## R E C O M M E N D A T I O N

For the reasons discussed above, the plaintiff has stated a claim upon which relief can be granted. Therefore, the undersigned respectfully RECOMMENDS that the defendant's Motion to Dismiss (Docket Entry No. 6) be DENIED.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of the Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See* <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Joe B. Brown
United States Magistrate Judge

5