UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


DANNY LAYNE WRIGHT, JR.     ]
     Plaintiff,            ]
                            ]
v.                           ]         No. 3:05-0547
                           ]         Trauger/Brown
DEPUTY SWIATEK         ]
     Defendant.       ]


To:    Honorable Aleta A. Trauger, United States District Judge


### R E P O R T   A N D   R E C O M M E N D A T I O N


By an order (Docket Entry No. 3) entered July 11, 2005, the Court referred this action to the Magistrate Judge "to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pre-trial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court."

Presently pending before the Court is the defendant's Motion for Summary Judgment (Docket Entry No. 27), to which the plaintiff has offered no opposition. The undersigned has reviewed that pleading and the record in this case and respectfully recommends, for the reasons stated below, that the defendant's Motion for Summary Judgment be GRANTED and that this action should be DISMISSED.

### I. Plaintiff's Failure to Respond to the Motion for Summary Judgment

The defendant's Motion for Summary Judgment was filed on March 20, 2006. The

1

plaintiff, having been given ample time, has neglected to file a response to that motion. In the

Scheduling Order (Docket Entry No. 12) entered by the undersigned, the plaintiff was

forewarned that dire consequences could result from a failure to respond to a dispositive motion.

More specifically, the plaintiff was instructed:

> All dispositive motions to dismiss and for summary judgment
> shall be filed by March 20, 2006. *Plaintiff is forewarned that*
> *dispositive motions must be responded to within thirty (30) days*
> *unless an extension is granted by the court, and that failure to*
> *respond to the motion and to statements of facts may result in the*
> *court taking the facts alleged in the matter as true and granting*
> *the relief requested* (emphasis added). In responding, plaintiff may
> not just rely on his complaint. Plaintiff must show there is a material
> dispute of fact with citation to the record, affidavits or other matter
> of evidence. Plaintiff should read and comply with Federal Rule of
> Civil Procedure 56 and Local Rule 8(b)(7).

Docket Entry No. 12 at pgs. 3-4.

When a non-moving party does not respond to a motion for summary judgment, summary

judgment, if appropriate, shall be entered against the non-moving party. Rule 56(e), Fed. R. Civ.

P.; *see also* Bennett v. Dr. Pepper/Seven-Up, Inc., 295 F.3d 805 (8th Cir. 2002)(dismissal of a *pro*

*se* complaint was affirmed after the plaintiff failed to respond to defendants' motion for summary

judgment). By failing to respond to the defendant's motion, the plaintiff concedes that the facts

asserted by the defendant are not in dispute. Rule 8(b)(7)(g), Local Rules of Court.

## II. Background

The plaintiff, proceeding *pro se*, is an inmate at the Riverbend Maximum Security

Institution in Nashville.[1] He brings this action pursuant to 42 U.S.C. § 1983 against Melinda

---

[1] At the time this action was filed, the plaintiff was confined at the Montgomery County
Jail in Clarksville, Tennessee. He has since been moved to his present place of confinement.
Docket Entry No. 26.

2

Swiatek, a Deputy with the Montgomery County Sheriff's Department, seeking injunctive relief and damages.

On or about March 22, 2005, the defendant and another deputy conducted a security check of the plaintiff's housing unit at the Montgomery County Jail. During the security check, the plaintiff verbally abused the defendant with threats, insults and vulgarities. The plaintiff's remarks upset the defendant. However, the defendant maintained her composure and left the unit without incident.

Later that day, the defendant returned to the plaintiff's housing unit. The plaintiff once again began to verbally abuse her. This time, the defendant was unable to control her emotions. She confronted the plaintiff and told him "that the only reason he was here in Tennessee is because he was a 'snitch' from Michigan and he was scared of what would happen to him in the Michigan jail system." Docket Entry No.30 at pg. 1.

The plaintiff apparently did not appreciate being labeled a snitch or an informant. He initiated this action against the defendant alleging that she "had been personaly [*sic*] going to inmates threw {*sic*} out the Jail and telling them that I'm a snitch from Michigan down here in Tennessee to testify against peoples' cases and I'm an informant." Docket Entry No. 1 at pg. 5. The plaintiff claims that the defendant's conduct constituted slander, defamation, negligence and a threat to his personal safety.

The defendant filed a Motion to Dismiss (Docket Entry No. 6) the complaint. After reviewing the relevant pleadings, the undersigned issued a Report and Recommendation (Docket Entry No. 10), proposing that the Motion to Dismiss be granted in part and denied in part. More specifically, it was recommended that all claims, with the exception of the plaintiff's personal

3

safety claim, were not cognizable under § 1983 and should be dismissed. No objections to the Report and Recommendation were filed and it was adopted and approved in all respects by the Court. Docket Entry No. 11.

### III. Standard of Review

Rule 56(c), Federal Rules of Civil Procedure, provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." In order to prevail on a motion for summary judgment, the moving party must demonstrate that no genuine issue of material fact exists and that judgment as a matter of law should be granted in the moving party's favor. Smith v. Hudson, 600 F.3d 60, 63 (6th Cir. 1979).

In considering a motion for summary judgment, the Court must view all facts and inferences to be drawn therefrom in the light most favorable to the non-moving party. SEC v. Blavin, 760 F.2d 706 (6th Cir. 1985). The non-moving party, however, may not merely rest on conclusory allegations contained in the complaint, but must respond with affirmative evidence supporting its claims and establishing the existence of a genuine issue of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the

4

non-moving party. Id., at 477 U.S. 248. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 288-289, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968).

### IV. The Plaintiff's Personal Safety Claim

The only claim remaining in this action is the plaintiff's assertion that the defendant, by naming him as a snitch, had placed his safety in jeopardy. To state a claim under 42 U.S.C. § 1983, the plaintiff must plead and prove that the defendant, while acting under color of state law, deprived him of some right or privilege guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981).

Inmates have a constitutionally protected right to personal safety grounded in the Eighth Amendment. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Thus, jail administrators are obliged "to take reasonable steps to guarantee the safety of the inmates" in their care. Hudson v. Palmer, 468 U.S. 517, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984). To establish a violation of this right, there must be a showing that the defendant was deliberately indifferent to the plaintiff's risk of injury. Walker v. Norris, 917 F.2d 1449, 1453 (6th Cir. 1990); McGhee v. Foltz, 852 F.2d 876, 880-881 (6th Cir. 1988). While a prisoner does not need to prove that he has been the victim of an actual attack to bring a personal safety claim, he must at least establish that he reasonably fears such an attack. Thompson v. County of Medina, Ohio, 29 F.3d 238, 242 (6th Cir. 1994).

**A) Deliberate Indifference**

In her sworn affidavit, the defendant admits that she got angry and told the plaintiff that he was a snitch. Docket Entry No. 30 at pg. 1; *see also* Grievance dated 5/8/05, attached to Docket Entry No. 1. This admission, on its face, would seem to suggest that the defendant was acting with deliberate indifference to the plaintiff's safety. The defendant avers, however, that the plaintiff was alone when she called him a snitch and that no other inmates overheard their conversation. The defendant further states that she did not tell other inmates that the plaintiff was a snitch. Docket Entry No. 30 at pg. 2.

The defendant has admitted to making remarks about the plaintiff that could have placed his safety at the jail in jeopardy. To show deliberate indifference on the part of the defendant, however, these remarks would need to either be overheard by other prisoners or repeated to other prisoners by the defendant herself. The defendant asserts that she in no way made other inmates aware of her remarks to the plaintiff. The plaintiff has offered no factual allegations to dispute the defendant's position on this issue.[2] In fact, in his deposition, the plaintiff admitted that two other inmates (Dorsey and Brooks) had called him out as a snitch well before the defendant confronted the plaintiff. Docket Entry No. 29; Exhibit A at pg. 30. Thus, the plaintiff has offered no evidence beyond the conclusory statements in his complaint that the defendant acted with

---

[2] The plaintiff did attach to his complaint an unnotarized statement signed by Wayne Pierce, a fellow inmate, in which Pierce states that the defendant referred to the plaintiff as a snitch. This statement was admittedly drafted by an inmate other than Pierce, Docket Entry No. 29; Exhibit A at pg. 60, and constitutes nothing more than unsworn hearsay that may not be considered on a motion for summary judgment. Hartsel v. Keys, 87 F.3d 795, 799 (6th Cir. 1996).

6

deliberate indifference to his safety.[3]

## B) A Reasonable Fear of Being Assaulted

In the complaint, the plaintiff states that he has "already been assaulted by an inmate for reason unknown." Docket Entry No. 1 at pg. 5. During his deposition, the plaintiff identified the inmate who assaulted him as Alonzo Watson. Docket Entry No. 29; Exhibit A at pg. 44. The plaintiff admits, however, that the assault took place at the Middle Tennessee Mental Health Institute rather than at the Montgomery County Jail. The plaintiff further acknowledges that he doesn't even know if the assault was related to the defendant's remarks. Id, at pg. 45. Therefore, the plaintiff is unable to show that he was actually assaulted as a result of the defendant's misconduct.

The plaintiff also claims that he "had been confronted by many angry people who wanted to harm me because of this because in Jail or prison inmates who are thought to be informants for the authorities are killed, raped or assaulted without protection." Docket Entry No. 1 at pg. 5.

From the record before the Court, it does not appear that the defendant's remarks were the cause for any reasonable fear that the plaintiff may have experienced while at the Montgomery County Jail. As noted above, the plaintiff has acknowledged that he was not actually assaulted during his stay at that facility. Moreover, before the defendant made her remarks to the plaintiff, other inmates had called him out as a snitch (Dorsey and Brooks). At the time that the defendant made her remarks, the plaintiff was already in protective custody because

---

[3] Even in the absence of deliberate indifference, though, the undersigned is compelled to note that there is no provocation sufficient to justify a jailor labeling a prisoner as a snitch or an informant. Clearly, such a remark can have tragic consequences in a penal setting. Verbally abusive prisoners are a part of any jailor's job. If the defendant is unable to accept this reality and control her emotions on the job, she might consider other employment opportunities.

7

of religious threats and his willingness "to testify against other inmates".[4] Docket Entry No. 29; Exhibit A at pg. 33. In addition, the plaintiff did not file a grievance against the defendant for her comments until at least six weeks after the incident took place, suggesting that the defendant's remarks had no adverse impact upon the relationship that the plaintiff had with other inmates.[5] Nor did the plaintiff file any grievances identifying other inmates who might have threatened him. Id, at pg. 58. The plaintiff, therefore, has failed to demonstrate that he experienced a reasonable fear of being assaulted because of the defendant's statements.

## RECOMMENDATION

Upon consideration of the pleadings and the record in this case, the undersigned finds merit in the defendant's Motion for Summary Judgment. Accordingly, it is respectfully RECOMMENDED that the defendant's Motion for Summary Judgment should be GRANTED and that this action be DISMISSED.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of the Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140,

---

[4] According to the plaintiff, the religious threats arose from the fact that he was the only Jewish prisoner at the jail.

[5] In his grievance complaining about the defendant's remarks, the plaintiff did not ask for protection as would be expected from someone who felt threatened by other inmates. Rather, the plaintiff simply asked for an apology. Grievance dated 5/8/05, attached to Docket Entry No. 1.

8

106 S.Ct. 466, 88 L.Ed.2d 435 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

/s/ Joe B. Brown

Joe B. Brown
United States Magistrate Judge