IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DANNY LAYNE WRIGHT, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 3:05-0547 |
| | ) | Judge Trauger |
| DEPUTY SWIATEK, | ) | Magistrate Judge Brown |
| | ) | |
| Defendant. | ) | |

**O R D E R**

On June 7, 2006, the Magistrate Judge issued a Report and Recommendation, recommending that the defendant's Motion for Summary Judgment be granted and that this case be dismissed. (Docket No. 34) The plaintiff filed an "Objection to Dismissel With Prejudice and Motion for Extension of Time" on June 8, 2006 (Docket No. 35), to which the defendant responded in opposition (Docket No. 37), in response to which the plaintiff filed a "Reply and Motion and Objections to Courts Report and Recommendation" (Docket No. 38). This court makes a *de novo* determination of any portion of the Magistrate Judge's disposition to which a specific objection is made. Rule 72(b), FED. R. CIV. P.; 28 U.S.C. § 636(b)(1)(C).

The plaintiff's objections to the Report and Recommendation primarily consist of accusations that the defendant's statements made in support of her Motion for Summary Judgment are lies. These are the kinds of factual disputes that should have been raised in response to the Motion for Summary Judgment but were not. He does not give his own version of these facts but merely asserts that the defendant has lied in her version of the facts.

1

The plaintiff also objects to the Magistrate Judge's not considering the unsworn statement of Wayne Pierce in opposition to the Motion for Summary Judgment, which statement was not tendered in opposition to the motion but was an attachment to the original Complaint. First, the Magistrate Judge is not obligated to consider a document filed with the Complaint as a document lodged in opposition to the Motion for Summary Judgment. Second, even were the court to consider this statement, there is still a failure to raise a material disputed fact to prevent the granting of the Motion for Summary Judgment. In the plaintiff's deposition, taken in connection with this case, he makes damaging admissions fatal to his claims. He admits that two fellow inmates accused him of being a "snitch" before the incident with defendant Swiatek. (Docket No. 29-2 at 30) He also admits that other "random inmates" confronted him about being a "snitch" when he was removed from the jail to go to court. *(Id.* at 31.) He was already on "protective custody" before this incident ever took place (*Id.* at 32), a circumstance that commonly would be perceived by fellow inmates as an indication that the person was cooperating and/or testifying against others. The plaintiff admits that he requested to be placed in protective custody, in part, because he was in this area (from Michigan) "to testify against other inmates." (*Id.* at 33, 35) He admitted that the only person to threaten him or assault him after the incident with Deputy Swiatek was Alonzo Watson and that he does not know why Alonzo Watson attacked him. (Id. at 71) Other people who have yelled things at him about being a "snitch" when he went to court are people he cannot identify. (Id.)

The objections of the plaintiff are **OVERRULED**. The Report and Recommendation is **ACCEPTED** and made the findings of fact and conclusions of law of this court. For the reasons

expressed therein and herein, it is hereby **ORDERED** that the Defendant's Motion for Summary Judgment (Docket No. 27) is **GRANTED**, and this case is **DISMISSED**.

The plaintiff's Motion for Extension of Time (Docket No. 35) is **DENIED**. The plaintiff is requesting, at this late date, an extension of time within which to respond to the Motion for Summary Judgment, which response was due on April 12, 2006. (Docket No. 27) He claims that he was "bitten by a rodant that could have been rabid and that he has a ailment and been seen by doctors." (Docket No. 35) He claims that this interfered with his ability to respond to the Motion for Summary Judgment. However, he provides no documentation of this medical claim and does not even state when he received this bite or any accompanying medical treatment. The Magistrate Judge did not issue his Report and Recommendation until nearly two months after the response to the Motion for Summary Judgment was due. The Motion for Extension of Time has no merit and is therefore **DENIED**.

It is so **ORDERED.**

Enter this 5th day of July 2006.

_____
ALETA A. TRAUGER
U.S. District Judge

3

Case 3:05-cv-00547   Document 39   Filed 07/05/06   Page 3 of 3 PageID #: 168